UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
BOBBY AUSTIN,

                         Plaintiff,

      – against –

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-1275 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff Bobby Austin ("Plaintiff"), proceeding *pro se*, brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Supplemental Security Income ("SSI"). Defendant has moved unopposed for judgment on the pleadings. (Dkt 14.) For the reasons that follow, the Court finds that the Administrative Law Judge ("ALJ") applied the appropriate legal standard, and that there is substantial evidence in the record that Plaintiff was not disabled as of August 1, 2008. The Court grants the Commissioner's motion for judgment on the pleadings and dismisses this matter with prejudice.

## BACKGROUND

On December 26, 2012, Plaintiff filed an application for SSI, claiming that he had been disabled as a result of his Human Immunodeficiency Virus ("HIV") since August 1, 2008. (Tr. 185-93, 218.)[1] The claim was initially denied, and Plaintiff appeared for a hearing before ALJ David Nisnewitz on June 17, 2014. The hearing was adjourned to allow Plaintiff the opportunity to retain counsel. (Tr. 42-58.) On April 29, 2015, Plaintiff appeared *pro se* at the next hearing before ALJ Margaret Donaghy. (Tr. 301-27; *see* Tr. 305-06.) By decision dated July 31, 2015, ALJ Donaghy

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 4-16.) The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on January 5, 2017. (Tr. 1-3.)

## DISCUSSION

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004) *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted).

Plaintiff contends that his HIV has prevented him from holding a regular job and that he is entitled to SSI. The Court disagrees for two main reasons. First, the ALJ correctly found substantial evidence that Plaintiff suffered no physical effects from his HIV condition that impact his ability to work or his daily habits. Plaintiff, who was born in 1951, worked throughout his career in carpentry and construction. (Tr. 219, 312-15.) Gary Young, a vocational expert, testified at Plaintiff's ALJ hearing that Plaintiff's past work was as a construction worker, DOT code 869.664-014.2, which is classified as semi-skilled heavy work. (Tr. 325.) Plaintiff testified that he last worked in April 2015, building booths for a car show at the Javits Center. (Tr. 313-15.) Plaintiff explained that he had done seasonal work for the Javits Center for years, but held no other occupations. Plaintiff stated that he could not work regularly because of his frequent trips to the doctor and pharmacy to treat his HIV. (Tr. 57, 316-17, 320.) Plaintiff stated that he saw his doctor

2

once every three months, received blood work once every two to three months, and picked up his prescriptions once a month. (Tr. 320-21.) Plaintiff testified that he lived alone, and was able to cook, clean, do laundry, shop, take public transportation, and perform other chores. (Tr. 322.)

The Court agrees with the ALJ's finding that Plaintiff failed to show that he had any severe impairments that caused him to be disabled. (Tr. 12-13.) The ALJ noted that Plaintiff's HIV, syncopal (fainting) episodes, and Hepatitis C were medically determinable impairments, but did not significantly limit Plaintiff's ability to perform work-related activities for twelve consecutive months. (Tr. 9-12.) Plaintiff made numerous statements during his hearing about his lack of symptoms related to his HIV and Hepatitis C that reinforce the ALJ's judgment. (*See* Tr. 10-11.) Indeed, Plaintiff stated that he was able to perform seasonal carpentry work at the Javits Center on an annual basis for up to 30 hours a week (Tr. 10, 11, 313-16), which means that he was performing "semi-skilled heavy work" during the same year as his hearing before the ALJ. Plaintiff's ability to cook, clean, do laundry, shop, take public transportation, and perform other chores also indicate that he was physically able to hold some occupation.

Moreover, Plaintiff failed to describe any work-related limitations that were caused by his HIV. (Tr. 11, 320-22.) Plaintiff's testimony indicates that he did not visit the doctor more than once every few months, or the pharmacy more than once a month. (*Id.*) A mere diagnosis of HIV, without physical symptoms, is insufficient to establish that Plaintiff's impairment is severe and limits his ability to engage in basic work activities. *Heath v. Colvin*, No. 5:14-CV-223 GLS/ATB, 2015 WL 1959710, at *7 (N.D.N.Y. Apr. 29, 2015) (affirming ALJ's decision because "the medical evidence supports the ALJ's step two conclusion that plaintiff has no significant limitations resulting from her HIV positive status"); *Zenzel v. Astrue*, 993 F. Supp. 2d 146, 152 (N.D.N.Y. 2012) (stating that the "mere presence of a disease or impairment, or establishing that

a person has been diagnosed or treated for a disease or impairment" is not, itself, sufficient to deem a condition severe) (internal citation omitted). The evidence in the record, including Plaintiff's own statements, contradicts Plaintiff's argument that he could not hold a "demanding" carpentry job because of the time commitment required to treat his HIV.

Second, no part of Plaintiff's medical record suggests that he was disabled from the effects of his HIV.[2] Plaintiff's primary care physician, Livette Johnson, at Mount Sinai Hospital, regularly monitored Plaintiff's HIV status. (*See* Tr. 258-300.) Plaintiff's medical records suggest that his monitoring was routine and he did not present with specific complaints related to his HIV. (*See* February 28, 2013, Tr. 294-95; June 27, 2013, Tr. 289-91; February 28, 2014, Tr. 277-79; June 20, 2014, Tr. 273-74; October 17, 2014, Tr. 269-70; and January 6, 2015, Tr. 258-59.) Dr. Johnson assessed Plaintiff's HIV as stable and well-controlled by medications such as Atripla and Bactrim. (*See, e.g.*, Tr. 259, 270, 274, 279, 283, 291.) Plaintiff's only two complaints in the medical record, a skin rash in September 2013 (Tr. 287-89) and fainting in the bath tub (Tr. 276), do not appear connected to Plaintiff's HIV and thus do not present as signs of a disability. The ALJ was therefore correct in stating that "[t]here are no consistent complaints or limitations noted in the treating records and the claimant testified that he engages in a full range of activities of daily living and takes public transportation without difficulty." (Tr. 12.) Indeed, the record reflects that Plaintiff's condition would not have more than a minimal effect on his ability to do basic work activities. (Tr. 249.)

---

[2] Ordinarily, of course, the ALJ has an affirmative duty to develop the record where the submissions from a treating physician are sparse or conclusory. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). However, further development of the record is unnecessary when the evidence received, including all medical opinions, is consistent and sufficient to establish a claimant's disability status or lack thereof. 20 C.F.R. § 404.1520b(a); *Anderson v. Commissioner of Social Sec.*, 12–CV–04094 (ENV), 2014 WL 5574277, at *7 (E.D.N.Y. Oct. 31, 2014).

In reviewing the ALJ's decision, the Court finds that it is based upon correct legal standards and that it is supported by substantial evidence in the record, taken as a whole. *See Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Accordingly, the Court finds that the ALJ's findings are conclusive and must be upheld. 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013).

## CONCLUSION

For the reasons set forth above, the Court grants the Commissioner's motion for judgment on the pleadings. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 17, 2018
       Brooklyn, New York